UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ALEXANDRU TCACIUC, on behalf of himself
and all others similarly situated,

                              Plaintiff,              **COLLECTIVE AND CLASS ACTION COMPLAINT**

   -against-

                                    No. 17-1251

SOUTHAMPTON, LLC, d/b/a JUE LAN CLUB and
STRATIS MORFOGEN,                          **Jury Trial Demanded**

                              Defendants.

-------------------------------------------------------------------------X

## COLLECTIVE ACTION COMPLAINT

Plaintiff, ALEXANDRU TCACIUC, on behalf of himself and all others similarly situated, by and through her attorneys, FAMIGHETTI & WEINICK, PLLC, alleges upon knowledge as to himself and her own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1.      This is a civil action based brought by Plaintiff on her behalf and on behalf of similarly situated employees, alleging Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., and the New York State Labor ("NYLL"), §§ 146-6, 196-d, 650, and 652.

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §

1

216(b). Supplemental jurisdiction is invoked over State and local causes of action pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action alleged herein, occurred in this district.

## PARTIES

4. Plaintiff, Alexandru Tcaciuc, is a resident of Suffolk County, New York.

5. Defendant, Southampton, LLC d/b/a Jeu Lan Club ("Jeu Lan"), is a New York limited liability company with its principal place of business in Southampton, New York. Jeu Lan is engaged in the business of operating a restaurant in Southampton, New York. Jeu Lan is engaged in interstate commerce as it receives goods such as food and cleaning supplies which have moved in interstate commerce and Jeu Lan receives more than $500,000 in annual revenue.

6. Defendant, Stratis Morfogen, is the principal owner of Jeu Lan and is ultimately responsible for setting employee pay rates and their hiring, firing and management.

7. Defendants had had more than 50 employees, including more than 30 other waiters, bussers and bartenders ("Tipped Employees").

## FACTS

8. On June 15, 2016, Defendants hired Tcaciuc as a waiter.

9. Tcaciuc was responsible for taking customer food orders, processing the orders with the kitchen, delivering the food orders to the customers' tables, and otherwise attending to the customers' needs.

10. Tcaciuc, and other similarly situated Tipped Employees received tips from Defendants' customers.

11. Upon his hire, Tcaciuc, and other similarly situated employees, did not receive a notification of pay rate wage indicating their regular and overtime rates of pay, and other information required by New York's Wage Theft Prevention Act, NYLL § 195(1)(a).

12. Throughout his employment, Tcaciuc typically worked approximately 64.5 hours per week.

13. For example, during the week of July 10-16, 2016, Tcaciuc worked Sunday through Thursday from 3:00p.m. to 11:30p.m. and on Friday and Saturday, worked from 3:00p.m. to 2:00a.m.

14. Other similarly situated employees, including but not limited to waiters, bussers and kitchen staff worked well in excess of forty hours per week.

15. Defendants maintained a policy of failing to pay overtime premium pay to Tcaciuc and other similarly situated employees and instead paying overtime hours at the same rate at which they paid regular hours.

16. Moreover, for each hour worked, including those hours worked over forty in a week, Defendants paid Tcaciuc, and other similarly situated Tipped Employees $7.50.

17. In other words, Defendants did not pay Tcaciuc and other similarly situated employees the statutorily mandated cash overtime wage of $14.63 per hour or even $12.38 per hour for Tipped Employees after accounting for a tip credit under New York law.

18. Defendants are not eligible to take any tip credit because Defendants misappropriated a substantial portion of Tcaciuc, and other similarly situated Tipped Employee's tips.

19. Defendants required Tcaciuc and the other similarly situated Tipped Employees to remit a portion of their tips to otherwise non-tipped employees, including managers and back of the house staff like dishwashers.

20. Thus, Tcaciuc and the other similarly situated Tipped Employees should have been paid at the full minimum wage rate of $9.75 per hour for each regular hour worked and $14.63 for each overtime hour worked.

## COLLECTIVE ACTION ALLEGATIONS

21. Tcaciuc brings claims under the FLSA as an "opt-in" collective action on behalf of similarly situated employees of Defendants pursuant to 20 U.S.C. 216(b). See Ex. 1. The "Collective Class" is defined as follows:

> All current and former non-exempt employees who will, are, or have worked for Defendants within three years from the commencement of this action and who have not paid one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

22. Tcaciuc, on behalf of themselves and the Collective Class, seek relief on a collective basis challenging Defendants' failure to pay a premium to overtime hours.

23. The total number of Collective Class members is unknown at this time, but is, upon information and belief, not less than 50.

24. The identities of the Collective Class members may be determined from the records of the Defendants, and the Collective Class members may easily and quickly be notified of the pendency of this action.

25. Tcaciuc is similarly situated to other members of the Collective Class because they and the Collective Class have been unlawfully denied payment of overtime premiums due to them.

26. Tcaciuc's experiences are typical of the experiences of the other Collective Class

members.

27.  The Defendants' failure to pay overtime wages at the rates required by the FLSA results from generally applicable policies and practices, namely Defendants' policy of not paying overtime premium pay to their employees. This policy and practice does not depend on the personal circumstances of any individual members of the Collective Class.

## CLASS ACTION ALLEGATIONS

28.  This action is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure ("FRCP").

29.  Tcaciuc brings his New York State Law overtime claims as a class action pursuant to FRCP 23, on behalf of a class consisting of:

> All non-exempt employees of Defendants who paid less than one and one-half times their regular rate for all hours worked in excess of forty hours per week, at any time from six years prior to the date of filing of the initial Complaint through the entry of judgment in this action (the "NY Overtime Class").

30.  Tcaciuc brings his New York State Law minimum wage claims as a class action pursuant to FRCP 23, on behalf of a class consisting of:

> All non-exempt employees of Defendants who were paid less than the minimum wage for hours worked at any time from six years prior to the date of filing of the initial Complaint through the entry of judgment in this action (the "NY Minimum Wage Class").

6

31. Tcaciuc brings his New York State claim for failure to pay gratuities for unlawful withholding of gratuities, pursuant to FRCP 23, on behalf of a class consisting of:

> All Tipped Employees who worked for Defendants at any time from six years prior to the date of filing of the initial Complaint through the entry of judgment in this action (the "Gratuities Class").

32. Tcaciuc brings his New York State claim for failure to provide wage rate notifications pursuant to FRCP 23, on behalf of a class consisting of:

> All employees who worked for Defendants at any time from six years prior to the date of filing of the initial Complaint through the entry of judgment in this action (the "WTPA Class").

33. The number of Rule 23 Class members identified above are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

34. The number of Rule 23 Class members identified above are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

35. Common questions of law and fact predominate over questions limited to individual Rule 23 Class members. These questions include:

    a. Whether Defendants paid members of the NY Overtime Class one and one-half times the hourly rate for all hours worked in excess of forty hours per workweek;

    b. Whether Defendants paid Plaintiff and other Tipped Employees less than the New

York Minimum Wage.

c.　Whether Defendants personally confiscated cash and other tips intended by Defendants' patrons for Tipped Employees;

d.　Whether Defendants issued notifications of pay rate consistent with the requirements of the Wage Theft Prevention Act;

e.　Whether Defendants' conduct violated NYLL § 196-d;

f.　Whether Defendants' conduct was willful, intentional and/or not in good faith; and

g.　Whether Defendants should be ordered to compensate Plaintiffs and the members of the Rule 23 Classes in an amount equal to the withheld gratuities, unpaid overtime and unpaid minimum wage.

36.　The claims of the Plaintiffs are typical of the claims of the Class members they seek to represent. The Plaintiffs and the other members of the Rule 23 Classes were subject to the same unlawful policies of Defendants resulting in unpaid minimum wage and overtime, failure to pay timely wages for all hours worked, and illegally withheld gratuities.

37.　Plaintiffs and their counsel will fairly and adequately protect the interests of the Rule 23 Classes. Plaintiffs have no interests antagonistic to the interests of the Classes, and have retained counsel experienced in wage and hour and class action litigation.

38.　A class action is superior to other available methods to adjudicate this

controversy. Plaintiffs and members of the Rule 23 Classes lack the resources to adequately prosecute separate claims and the amounts that each individual stands to recover make individual cases impractical to pursue. The only practical chance for the workers to recover the wages and tips owed to them is through a class action.

## FIRST CLAIM
(FLSA - OVERTIME)

39. Tcaciuc brings this claim on behalf of himself and the Collective Class.

40. Defendants have failed to pay Tcaciuc and members of the Collective Class an overtime premium for all hours worked in excess of forty hours in a workweek, in violation of the FLSA.

41. Such violation was part of Defendants' regular business practice and constituted a pattern, practice, and/or policy.

42. Defendants' conduct was willful, intentional, and/or not in good as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by failing to provide proper wage notices to employees.

## SECOND CLAIM
(NYLL - Overtime)

43. Tcaciuc brings this claim on behalf of himself and the NY Overtime Class.

44. Defendants have failed to pay Tcaciuc and members of the NY Overtime Class an overtime premium for all hours worked in excess of forty hours in a workweek, in violation of the NYLL.

45. Such violation was part of Defendants' regular business practice and constituted a pattern, practice, and/or policy.

46. Defendants' conduct was willful, intentional, and/or not in good as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by failing to provide proper wage notices to employees.

### THIRD CLAIM
(NYLL – Minimum Wage)

47. Tcaciuc brings this claim on behalf of himself and the NY Minimum Wage Class.

48. Defendants have failed to pay Tcaciuc and members of the NY Minimum Wage Class at the applicable minimum wage rate of $9.75 per hour for all regular hours worked.

49. Such violation was part of Defendants' regular business practice and constituted a pattern, practice, and/or policy.

50. Defendants' conduct was willful, intentional, and/or not in good as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by failing to provide

proper wage notices to employees.

## FOURTH CLAIM
(NYLL – Unlawful Withholding of Gratuities)

51. Tcaciuc brings this claim on behalf of himself and the Gratuities Class.

52. Defendants unlawfully withheld and retained gratuities and portions of gratuities that reasonable customers believed would be distributed to Tcaciuc and members of the Gratuities Class, including cash tips.

## FIFTH CAUSE OF ACTION
(NYLL – Wage Theft Prevention Act)

53. Tcaciuc brings this claim on behalf of himself and the Wage Theft Class.

54. Defendants failed to provide to Tcaciuc and members of the WTPA Class, notifications of pay rate in the form and at the times directed by the NYLL Wage Theft Prevention Act, NYLL 195(1)(a).

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully request that this Court issue Orders:

A. conditionally certifying the action as a Collective Action and authorizing the form and method of notice to be issued to the members of the Collective Class;

B. certifying the action as a class action pursuant to FRCP Rule 23, certifying Plaintiff as Class Representative and designating Plaintiff's counsel as Class Counsel;

C.  issuing a judgment for Plaintiffs and the members of the Classes for all statutory, compensatory, consequential and liquidated damages or any other damages authorized by law or equity sustained because of Defendants' unlawful conduct for which Defendants are jointly and severally liable, as well as pre-judgment and post-judgment interest;

D.  awarding Plaintiffs, their counsel and members of the Classes their reasonable attorneys' fees, costs and expenses incurred in this litigation.

E.  enjoining Defendants from continuing the conduct alleged herein; and

F.  all other relief which the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs seek a trial by jury of all issues so triable in this action.

Dated: Melville, New York
March 6, 2017

>
> FAMIGHETTI & WEINICK, PLLC
> *Attorneys for Plaintiff*
> 155 Pinelawn Road, Suite 220S
> Melville, N.Y. 11747
> (631) 352-0050
>
> By: __/s/_ Matthew Weinick_____
> MATTHEW WEINICK
>
> The Law Offices of Levy & Levy, P.A.
> *Attorneys for Plaintiff*
> 1000 Sawgrass Corporate Parkway, Suite 588
> Sunrise, Florida 33323
> (954) 753-5722
>
> By: _____/s/_____
> CHAD E. LEVY[1]

---

1  Application to appear in this Court *pro hoc vice*, to be made within a reasonable time after the complaint's filing.

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ALEXANDRU TCACIUC, on behalf of himself
and all others similarly situated,

                       Plaintiff,                               **CONSENT TO BECOME A**
                                                                              **PARTY PLAINTIFF**

-against-

SOUTHAMPTON, LLC, d/b/a JUE LAN CLUB and STRATIS
MORFOGEN,

                       Defendants.

-------------------------------------------------------------------------X

By my signature below, I hereby authorize the filing of the above-styled Fair Labor Standards Act action in my name and on my behalf.

I worked more than forty in a workweek, and did not receive overtime compensation for all hours worked in excess of forty hours per week within the last three years.

Name:       ALEXANDRU TCACIUC
Signature:  *[signature]*
Date:        3/3/2017