# *Famighetti & Weinick* PLLC

155 Pinelawn Road, Suite 220S
Melville, New York 11747
(631) 352-0050
mbw@fwlawpllc.com

July 13, 2017

**Via ECF**

Honorable Arthur D. Spatt
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    Tcaciuc v. Southampton, LLC, No. 17-CV-1251(ADS)(AKT)

Dear Judge Spatt:

      This office, along with co-counsel Levy & Levy, P.A., represents the Plaintiff, Alexandru Tcaciuc. The parties have reached a settlement of all claims set forth in this action. As one of those claims arises from alleged violations of the Fair Labor Standards Act ("FLSA"), the parties hereby submit this motion respectfully requesting that the Court approve the settlement set forth in Exhibit 1, attached the Weinick Declaration. As detailed below, and in the accompanying Declarations of Matthew Weinick, Esq. and Chad, Levy, Esq., the settlement amount of **$5,000** is fair and reasonable because the settlement more than adequately compensates Plaintiff for the possible damages he may have under the FLSA.

## Background

      On March 6, 2017, Plaintiff filed a class and collective action complaint alleging that Defendants violated the FLSA by failing to properly pay Plaintiff and similarly situated employees the statutorily required overtime rate for hours worked over 40 in a workweek. The complaint also alleged violation of the New York Labor Law ("NYLL") for overtime pay violations, improper withholding of gratuities, minimum wage violations, and wage statement notice deficiencies. Prior to the initial conference, the Parties exchanged limited information and were then able to reach a settlement of all claims.

## The Dispute

      Plaintiff alleged that he worked approximately 64.5 hours per week as a waiter but that Defendants paid him $7.50 for all of his work hours, instead of the appropriate overtime rate for the hours over 40. Plaintiff calculated his damages for this FLSA claim as:

1

24.5 overtime hours per week X $7.13 (overtime rate based on New York's $9.75 minimum wage for this time period) X 6 work weeks= $1,048.11. Under the FLSA, Plaintiff may be entitled to 100% liquidated damages, so Plaintiff's total damages under the FLSA is **$2,096.22**.

Defendants, on the other hand, alleged that Plaintiff did not work any overtime hours and so he is not entitled to any damages under the FLSA. In support of their position, Defendants provided wage statements indicating Plaintiff's work hours were less than 40 each workweek.

Based on the dispute as to Plaintiff's work hours and difficulties Plaintiff may face proving his overtime allegations in light of the documentary evidence, the parties agreed that **$5,000** is a fair and reasonable settlement of all of Plaintiff's claims. Indeed, the sum represents more than Plaintiff's actual damages under the FLSA.

## The Proposed Settlement Should be Approved

Actions brought under the FLSA cannot be settled absent court or Department of Labor approval. Banegas v. Mirador Corp., 2016 U.S. Dist. LEXIS 48849, *2-3 (S.D.N.Y. Apr. 12, 2016) (citations omitted). Settlements of FLSA claims should be approved when the court is satisfied that the settlement is fair and reasonable. Id. (citation omitted). In deciding whether a settlement is fair and reasonable, courts consider:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.
>
> Factors that weigh against settlement approval include:
>
> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 176 (S.D.N.Y. Mar. 30, 2015) (quotations omitted).

Here, the factors favor approving the settlement. As noted, the settlement amount is more than double Plaintiff's calculation of his FLSA damages thus the range of recovery is covered. Most notably, as this agreement is reached before discovery began, the settlement will cause the parties to avoid the expense and burdens of litigation and the settlement will provide Plaintiff with a prompt payment not long after the action was commenced, as opposed to an uncertain outcome perhaps years

in the future if the case is litigated. Additionally, the settlement was negotiated at arm's-length by experienced employment attorneys. (See below).

The factors which might weigh against approval, do not compel a different result. While Plaintiff alleged similarly situated employees were also improperly paid, the parties estimate that there are no more than 20 to 30 employees who could opt-in to a collective action and the Court may take judicial notice that the likelihood of many of these employees choosing to opt-in is not high, so there is a more compelling interest in obtaining relief for the individual plaintiff than holding out hope for relief for a small number of opt-ins. Although there is a history of non-compliance in the restaurant industry, this settlement is not letting Defendants "off the hook" as the settlement amount is significant in light of the amount of time Plaintiff worked for Defendants (6 weeks). Finally, the issues presented here – overtime for an employee in a restaurant – are hardly unique such that this case presents an opportunity to create a mature record to determine important factual or legal issues. Accordingly, these factors do not weigh heavily against approving the settlement.

Additionally, the attorneys fees agreed to here are also fair and reasonable. The FLSA provides that prevailing plaintiffs may be awarded reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) ("The Court in such action *shall* . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added). Although the statute provides for fee shifting, Courts routinely acknowledge that contingency fee arrangements for FLSA actions are appropriate since plaintiff's counsel assumes all the risk in bringing such cases. E.g. Xiao v. Grand Sichuan Int'l Marks, Inc., No. 14-CV-9063, 2016 U.S. Dist. LEXIS 99669, *5 (S.D.N.Y. July 29, 2016) (collecting cases). One third of the settlement amount is regularly considered a reasonable fee. Id. (collecting cases). To determine reasonable attorneys fees, Courts consider "1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Id. (citing Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000)).

As set forth in the accompanying declarations of plaintiffs' attorneys Matthew Weinick, Esq. and Chad Levy, Esq., both attorneys are experienced in employment law matters, including FLSA cases. Plaintiff's attorneys were able to negotiate a fair settlement which more than covers his potential losses under the FLSA and were able to do so with Defendants who believed they had strong defenses based on documentary evidence. Accordingly, attorneys' fees of **$1,421**, along with costs of **$693.00**, are fair and reasonable.

## Conclusion

In sum, the parties negotiated at arms-length with experienced employment lawyers. The parties considered the amount of damages possible in the case and weighed that against the risks of continued litigation. The proposed settlement amount and the attorneys fees requested are fair and reasonable in light of all the factors and as set forth herein. Accordingly, the parties respectfully request that the court approve the proposed settlement submitted as Exhibit 1.

Respectfully submitted,  
/s/  
Matthew Weinick

cc:     Andrew Staulcup, Esq.