F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 12 2017 ★
LONG ISLAND OFFICE

## AGREEMENT AND GENERAL RELEASE

This Agreement and General Release ("Agreement"), dated _____August 24_____, 2017, is made by, between and among Alexandru Tcaciuc ("Plaintiff") and Southampton LLC d/b/a Jue Lan Club, and Stratis Morfogen (collectively the "Defendants"). The Plaintiff and the Defendants are referred to herein collectively as "the Parties" to this agreement.

## RECITALS

**WHEREAS**, Plaintiff filed a lawsuit against the Defendants captioned Tcaciuc V. Southampton, LLC, in the Eastern District of New York bearing case Number 17-CV-1251(ADS)(AKT) ("the Action") alleging that the Defendants are liable for, among other things, unpaid minimum wage, overtime premium pay, spread-of-hours pay, liquidated damages, penalties, attorneys fees, and/or interest under Fair Labor Standards Act ("FSLA"), 29 U.S.C. SS 201 et seq., and the New York Labor Law and its implementing regulations, all of which Defendants have from the outset denied and continue to deny; and,

**WHEREAS**, the Parties have considered that the interests of all concerned are best served by compromise, settlement and the dismissal of the action with prejudice, and have concluded that the terms of this agreement are fair, reasonable, adequate, and in their mutual best interests; and,

**WHEREAS**, to the extent there may be monies owed to Plaintiff under the Fair Labor Standards Act and/or New York Labor Law, the Parties acknowledge there is a genuine good faith dispute over, among other things the number of hours worked by the Plaintiff; and,

**WHEREAS**, the parties have engaged in settlement negotiations and as a result have agreed to settle the issues, matters and things in dispute among them in the Action pursuant to the terms of this agreement; and,

**NOW THEREFORE**. In consideration of the mutual terms, conditions and covenants herein set forth, the Parties hereto agree as follows;

1. Settlement: The Parties acknowledge and agree that this agreement and the consideration provided have been and are made and received solely on the basis of compromise of disputed claims, and that this agreement is not, and should not to be construed as an admission by the Defendants of any liability or wrongdoing whatsoever, nor is it, nor shall it be construed as, and admission of any act or fact whatsoever, including but not limited to any violation of federal, state, local, or common law, statute, ordinance, directive, regulation or order (including executive orders). The Parties acknowledge and agree that this agreement shall not be construed as an admission that Plaintiff's claims lack merit.

2. **Payment to Plaintiff**: In return for the good and sufficient consideration set forth herein, the Parties agree to the following:

a. The Defendants shall pay the Plaintiff and their Counsel a total gross sum of Five Thousand Dollars ($5,000.00) in the manner set forth below:

b. One check made payable to Alexandru Tcaciuc, in the gross amount of $2,871.00, which shall represent payment for alleged wages and thus is subject to applicable tax deductions and withholdings;

c. One check made payable to Famighetti & Weinick, PLLC, in the amount of $2,129.00. This payment shall be made as 1099 income.

d. The Parties agree that the above mentioned checks shall be delivered to Famighetti & Weinick PLLC by registered mail.

e. Plaintiff hereby indemnifies Defendants from any and all obligations with respect to taxes that may be due on the liquidation damages and attorney's fees and costs portions of the settlement.

3. **General Release and Waiver of Rights and Claims by the Plaintiff**: In return for the consideration described above, Plaintiff unconditionally releases and for-ever discharge Defendants, their agents, employees, successors, and assigns, and all affiliated business entities, both individually and their official capacities, from all claims arising under the Fair Labor Standards Act, the New York Labor Law, and other claims related to Plaintiff's wages and work hours arising from Plaintiff's employment with Defendants.

4. **No Other Payment due**: Except as specifically provided in this Agreement, Plaintiff agrees that he is not entitled to any other payments for salary, benefits, wages, tips, bonuses, allowances, compensatory time, severance pay, notice pay, vacation or holidays, accrued leave, paid leave, or any other for or kind of payment or compensation from the Defendants for any work he performed for Defendants during the relevant period as defined in the Complaint to the date the parties execute this Agreement.

5. **Accord and Satisfaction**: Should any proceeding be instituted by Plaintiff with respect to matters here settled, released or waived pursuant to the Agreement, other than an action or proceeding to enforce the terms of the Agreement, the agreement shall be deemed full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal

6. **Dismissal of the Action**:

    a. Plaintiff promises and represents that he will withdraw or seek approval to withdraw, with prejudice, any and all outstanding administrative complaints or charges alleging improper payment of wages, filed with federal, state and local agencies/administrative bodies and will also withdraw or discontinue with prejudice all judicial actions concerning improper payment o wages, including without limitation, the Action, as well as any and all other lawsuits. Claims, counterclaims. Demands. Appeals or actions concerning improper payment of wages pending

against the parties they have released herein; and will not accept any money from or file any other currently existing internal or external administrative or judicial complaints, charges lawsuits, claims, demands, appeals or actions of any kind based on Defendants' improper payment of wages to the Plaintiff during his employment by the Defendants through the date of this Agreement and General Release is executed by the Parties.

b. Payment of the Settlement Amount due under this Agreement is contingent upon the Court approving this Agreement.

c. After payment pursuant to this agreement is received by Plaintiff counsel, which payment is due on or before the fourteenth day after the Court approves this Agreement, Plaintiff, through counsel, shall execute the attached stipulation of Dismissal with Prejudice and provide a signed copy of Such to Andrew K Staulcup, counsel for Defendants

d. Andrew K Staulcup, as counsel for the Defendants, shall file a fully-executed copy of the Stipulation of Dismissal with the Court.

e. The Parties agree to use their best efforts to obtain the Court's approval of this Agreement and endorsement of the Stipulation of Dismissal.

7. **Entire Agreement**: The parties represent and acknowledge that they have carefully reviewed each and every word of this agreement to ensure complete understanding of the Agreement's full effect and that is contains the entire understanding between them and that they are not relying upon any representations or statements, written or oral, made by or on behalf of any party not set forth herein.

8. **Plaintiff's Consultation with Legal Counsel**: Plaintiff represents that he has been advised to consult legal counsel regarding this Agreement and General release and have done so. Plaintiff further represent that after have had a full opportunity of at least 21 days to review and consider the terms and conditions of this Agreement and General Release, and having discussed them with their counsel and having had sufficient time to review and consider this agreement and General Release, he fully understands all of the provisions of this agreement and general Release and each has executed same freely and voluntarily.

9. **Non-Disparagement**: The Parties agree not to disparage any Plaintiff or defendant involved in this action in anyway, or say or do anything that would harm the reputation of that individual and/or corporate entity.

    a. "Disparaging Remarks" are defined as; **a false and injurious statement that discredits or detracts from the reputation of another's property, product, or business.**

6

    b. Truthful statements about the Parties' experiences in litigating their claims and defenses herein under the Fair Labor Standards Act shall not be deemed Disparaging under this paragraph

10. **Waiver and Modification**: This Agreement and General Release may not be modified, altered or changed except upon express written consent of the Parties.

11. **Counterparts:** This Agreement and General Release may be executed in counter parts and/or by facsimile and remain entirely enforceable. A facsimile shall be deemed an original for purposed of enforcing this agreement.

12. **Use of the Singular**: Whenever used in this agreement and General Release, the singular word shall include the plural, the plural shall the singular, and the use of any gender shall be applicable to all genders. This General Release shall not be interpreted in favor of, or against, either party because of such party having drafted this General Release.

13. **Governing Law:** This Agreement and General Release shall be subject to and governed by the Laws of the State of New York.

14. **Severability Clause:** If any provision of this article or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of this article which can be given effect without the invalid provision or application, and to this end the provisions of this article are severable.

14-Aug-2017  23:19    From Alexandru Tcaciuc. Phone #3058964771          FaxZero.com              p.2



X _____  
ALEXANDRU TCACIUC  
PLAINTIFF

X _____  
STRATIS MORFOGEN  
DEFENDAT

X _____  
STRATIS MORGOFGEN  
ON BEHALF OF SOUTHAMPTON LLC d/b/a JUE...

X _____  
MATTHEW WEINICK  
FAMIGHETTI & WEINICCK PLLC Attorney for P...

X _____  
ANDREW K STAULCUP  
BLYER & KURLAND PC Attorney for Defendants

The Court finds that the parties' amended settlement agreement complies with the Court's directions given to them after the 8/1/2017 hearing. In that way, the settlement comports with the requirements of Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and its progeny. The settlement is approved and the case is closed subject to the terms of the settlement agreement. SO ORDERED.

_____  
Arthur D. Spatt, U.S.D.J.

9/12/17  
_____  
Date